UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF DETROIT, et al.,

        Plaintiffs,

Civil Action No. 23-cv-11380
HON. BERNARD A. FRIEDMAN

vs.

JAMEEL LOCKHART,

        Defendant.

_____/

**ORDER OF DISMISSAL FOR LACK OF
SUBJECT MATTER JURISDICTION**

This matter is presently before the Court on its own review of the complaint.[1] To borrow a phrase, the complaint is a "hideous sprawling mess." *In re Ocwen Loan Servicing*, 491 F.3d 638, 641 (7th Cir. 2007). Insofar as the Court can discern from the nearly incomprehensible allegations in the complaint, plaintiff Jameel Lockhart is challenging the state district court's jurisdiction to issue him traffic citations. (ECF No. 1, PageID.17).

---

[1] Lockhart denominates the initiating document in this case as a "notice of removal." (ECF No. 1). It is actually a complaint. Only civil cases may be removed to federal court, not state court traffic citations. *See* 28 U.S.C. §§ 1441, 1446(a); *see also Sun Jung Yun v. New Jersey*, No. 18-17283, 2019 U.S. Dist. LEXIS 32084, at *3, n.1 (D.N.J. Feb. 28, 2019) ("To the extent Plaintiff is attempting to remove a municipal court matter based on motor vehicle tickets she received this Court is without subject matter jurisdiction to entertain such a matter.") (internal citations omitted).

Lockhart claims to be a "sovereign citizen" who "demands complete control of the state court's corporate charter and to have all records of the alleged traffic infraction/arrest removed from the record including any jail time." (*Id.*). He also asserts that "the traffic court judge is not a real judge with legal judicial authority and is participating in the misconduct of making a legal determination as an administrative judge without jurisdiction." (*Id.*).

By now it is well-settled that "there is nothing in the clauses of the Fourteenth Amendment guaranteeing due process and equal protection which converts an issue respecting the jurisdiction of a state court under the constitution and statutes of the State into anything other than a question of state law." *Gasquet v. Lapeyre*, 242 U.S. 367, 369 (1917). The "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976).

Insofar as Lockhart challenges an ongoing state court proceeding stemming from the issuance of the traffic citations, his complaint also fails because federal courts generally may not interfere with pending state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971).

In view of the foregoing, the Court lacks subject matter jurisdiction and shall dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3). The Court is without jurisdiction when, as here, "the allegations of a complaint are totally

2

implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974).  Accordingly,

IT IS ORDERED that the complaint (ECF No. 1) is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that Lockhart's motion to strike a document appended to his pleadings (ECF No. 8) is denied as moot.

**SO ORDERED.**

|  |  |
|---|---|
| Dated: July 20, 2023<br>Detroit, Michigan | s/Bernard A. Friedman<br>Bernard A. Friedman<br>Senior United States District Judge |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on July 20, 2023.

| | |
|---|---|
| **Jameel Lockhart**<br>7430 2nd Avenue<br>Detroit, MI 48202 | s/Johnetta M. Curry-Williams<br>Case Manager |

3